## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST SAINT LOUIS DIVISION

| | | |
|---|---|---|
| TERRANCE HUFF and | ) | |
| JON SEATON, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12-596-MJR-PMF |
| | ) | |
| vs. | ) | Judge Michael J. Reagan |
| | ) | Magistrate Judge Philip M. Frazier |
| CITY OF COLLINSVILLE and | ) | |
| Collinsville Police Officer | ) | |
| MICHAEL REICHERT, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiffs' federal claims are based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims are based on supplemental jurisdiction pursuant to 28 U.S.C. ç 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. ç 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiffs are resident of Ohio.

5.      Defendant-Officer MICHAEL REICHERT ("Defendant REICHERT") is a duly appointed and sworn Collinsville police officer. At all times relevant to this Complaint, Defendant REICHERT was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6.      Defendant REICHERT is sued in his individual capacity.

7.      Defendant CITY OF COLLINSVILLE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant REICHERT.

1

**Facts**

8.      On or about December 4, 2011, Plaintiffs were returning home to Ohio after attending a Star Trek convention in St. Louis, Missouri.

9.      Plaintiff HUFF was driving his 2002 Chrysler PT cruiser.

10.     Plaintiff SEATON was in the passenger seat.

11.     Plaintiff HUFF's vehicle had Ohio license plates.

12.     At approximately 8:10 a.m., while driving on Interstate 55-70 in Collinsville, Illinois, Plaintiffs were pulled over by Defendant REICHERT.

13.     Plaintiff had not violated any traffic, city, state or federal law. Defendant REICHERT did not have any reason to believe that Plaintiff had violated, or was about to violate, any traffic, city, state or federal law. Defendant REICHERT did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop Plaintiffs.

14.     Plaintiffs were seized and not free to leave.

15.     After stopping Plaintiffs, Defendant REICHERT approached Plaintiff   HUFF's vehicle on the passenger's side.

16.     Defendant REICHERT asked Plaintiff HUFF for his license and registration.

17.     Plaintiff HUFF provided Defendant REICHERT with his license and registration.

18.     Defendant REICHERT told Plaintiff HUFF that he could not hear him because of the cars going by and ordered Plaintiff HUFF out of the vehicle.

19.     Plaintiff HUFF complied and exited his vehicle.

20.     Defendant REICHERT ordered Plaintiff HUFF to stand at the rear of the vehicle in front of Defendant REICHERT's police vehicle.

21.     Plaintiff HUFF complied with Defendant REICHERT's orders.

22.     Defendant REICHERT ordered Plaintiff SEATON to produce his license.

23.     Plaintiff SEATON complied and provided Defendant REICHERT with his license.

24.     Defendant REICHERT began to interrogate Plaintiff SEATON regarding where they were heading and where they were coming from.

25.     After interrogating Plaintiff SEATON, Defendant REICHERT approached Plaintiff HUFF and began interrogating him about where he and Plaintiff SEATON were headed.

2

26.     Plaintiff HUFF told Defendant REICHERT the same facts that Plaintiff SEATON told Defendant REICHERT.

27.     Defendant REICHERT told Plaintiff HUFF that the reason he pulled him over was that Plaintiff HUFF wove in and out of his lane.

28.     Plaintiff HUFF did not weave in and out of his lane.

29.     Defendant REICHERT made up the allegation that Plaintiff HUFF wove in and out of his lane in an attempt to establish probable cause to stop Plaintiffs.

30.     The real reason that Defendant REICHERT stopped Plaintiffs was the fact that they were traveling in a vehicle with out of state license plates.

31.     Police officers are not allowed to stop vehicles based solely on the fact that they have out of state license plates.

32.     While explaining to Plaintiff HUFF why he pulled him over, Defendant REICHERT mentioned the fact that Plaintiff HUFF has out of state license plates.

33.     Defendant REICHERT told Plaintiff that he was going to run Plaintiff HUFF's license and if there were no warrants, Defendant REICHERT would let Plaintiffs leave.

34.     Defendant REICHERT told Plaintiff HUFF to go back to his vehicle and wait.

35.     Defendant REICHERT ran Plaintiffs' licenses.

36.     Defendant REICHERT also ran the Plaintiffs' criminal histories. Defendant REICHERT had dispatch follow-up on a past arrest of Plaintiff HUFF and discovered all of the information regarding that prior arrest.

37.     Neither Plaintiff had any outstanding warrants.

38.     Defendant REICHERT took over sixteen minutes to run Plaintiffs' licenses and criminal histories.

39.     During this time, Defendant REICHERT asked for a back-up officer to arrive on the scene even though he was only issuing Plaintiff HUFF a warning.

40.     After running the Plaintiffs' licenses and criminal histories, Defendant REICHERT ordered Plaintiff HUFF back out of his vehicle.

41.     Defendant REICHERT gave Plaintiff HUFF back his license and registration and explained to him that he was issuing Plaintiff HUFF a warning.

42.     Plaintiff HUFF told Defendant REICHERT that he did not have any questions, said

3

"thank you", shook Defendant REICHERT's hand and started back towards his vehicle.

43.     The purpose of the traffic stop, the warning for the alleged lane change, was over.

44.     As Plaintiff HUFF was walking back to his vehicle, Defendant REICHERT stopped Plaintiff to ask him a question.

45.     Defendant REICHERT told Plaintiff that he thought Plaintiff SEATON was acting nervous.

46.     Plaintiff SEATON was not acting nervous.

47.     Defendant REICHERT began to ask Plaintiff HUFF questions about drugs and if the Plaintiffs had any drugs.

48.     Plaintiff HUFF told Defendant REICHERT that there were no drugs in the car.

49.     Defendant REICHERT asked Plaintiff HUFF for consent to search the Plaintiffs' car.

50.     Plaintiff HUFF told Defendant REICHERT that there were no drugs in his car, he wanted to go on his way and that Defendant REICHERT did not have permission to search the car.

51.     Defendant REICHERT told Plaintiff HUFF that he was going to detain the car and have his K9 walk around the car.

52.     Defendant REICHERT did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to detain Plaintiffs' car.

53.     Defendant REICHERT told Plaintiff that if the K9 alerts on Plaintiffs' car, he will search the car and charge him with anything found in the car.

54.     Plaintiff HUFF told Defendant REICHERT that he knows he did not swerve and that he feels like he is being profiled by Defendant REICHERT.

55.     Plaintiff HUFF asked Defendant REICHERT if he was free to go.

56.     Defendant REICHERT told Plaintiff HUFF he was not free to go in the car.

57.     Defendant REICHERT again asked Plaintiff HUFF if he could have consent to search the car.

58.     Plaintiff HUFF again told Defendant REICHERT that he could not have consent to search the car.

59.     Defendant REICHERT told Plaintiff HUFF he was going to search him.

4

60.     Plaintiff HUFF was searched. No contraband or evidence of criminal activity was found.

61.     Defendant REICHERT then ordered Plaintiff to stand near Defendant REICHERT's police vehicle.

62.     Defendant REICHERT walked back to Plaintiffs' car and ordered Plaintiff SEATON out of the car.

63.     Defendant REICHERT told Plaintiff SEATON that he was detaining the car and that if he found anything inside the car, he was going to charge the Plaintiffs with it.

64.     Defendant REICHERT searched Plaintiff SEATON. No contraband or evidence of criminal activity was found.

65.     Defendant REICHERT ordered Plaintiff SEATON to go stand by Plaintiff HUFF.

66.     Defendant REICHERT took his K9 out of his vehicle and began to walk around Plaintiffs' car.

67.     Defendant REICHERT triggered his K9 to give a false alert.

68.     Defendant REICHERT triggered his K9 in front of Plaintiffs' car and out of view of the police car camera so the false alert would not be captured on camera.

69.     After the false alert, Defendant REICHERT searched Plaintiffs' car.

70.     Defendant REICHERT did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' car.

71.     No contraband or evidence of criminal activity was found during the search of Plaintiffs' car.

72.     After approximately one hour after the traffic stop that concluded with a warning, Plaintiffs were allowed to leave the scene.

73.     Neither Plaintiff was charged with any wrongdoing.

74.     Defendant REICHERT acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

75.     As a direct and proximate result of the acts of Defendant REICHERT described above, Plaintiffs suffered damages including loss of physical liberty and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

76.     Plaintiffs reallege paragraphs 1 through 75 as if fully set forth herein.

77.     After fabricating a traffic violation, Defendant REICHERT stopped Plaintiffs' car.

78.     Defendant REICHERT seized Plaintiffs.

79.     Defendant REICHERT did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiffs were involved in criminal activity at the time.

80.     Defendant REICHERT did not have any other legal justification to seize Plaintiffs.

81.     The seizure of Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)      Enter judgment against Defendant REICHERT,

b)      Award Plaintiffs compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest)

82.     Plaintiff realleges paragraphs 1 through 75 as if fully set forth herein.

83.     After issuing Plaintiff HUFF a traffic warning, Defendant REICHERT did not allow the Plaintiffs to leave.

84.     Plaintiffs were under arrest and not free to leave.

85.     Defendant REICHERT did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiffs.

86.     The arrest of Plaintiffs without any legal justification or probable cause violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)      Enter judgment against Defendant REICHERT,

6

b)      Award Plaintiffs compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

87.     Plaintiffs reallege paragraphs 1 through 75 as if fully set forth herein.

88.     Searching Plaintiffs without probable cause or any other legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)      Enter judgment against Defendant REICHERT,

b)      Award Plaintiffs compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Unreasonable Search of Vehicle)

89.     Plaintiff HUFF realleges paragraphs 1 through 75 as if fully set forth herein.

90.     Searching Plaintiff HUFF's vehicle without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff HUFF asks that this Honorable Court:

a)      Enter judgment against Defendant REICHERT,

b)      Award Plaintiff HUFF compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF COLLINSVILLE)

91.     Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

7

92.     At all times material to this Complaint, there existed in the City of Collinsville the following practices, policies and customs:

      a.      stopping, detaining, arresting, and searching persons driving on I-70 with out of state license plates without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

      b.      searching persons' vehicles without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis,

      c.      conducting false K9 alerts during traffic stops in an attempt to justify the illegal searches of the vehicles,

      d.      conducting illegal traffic stops in an attempt to seize money and vehicles pursuant to asset forfeiture.

93.     The actions of Defendant REICHERT as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF COLLINSVILLE, the Collinsville Police Department, and its police officers.

94.     The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF COLLINSVILLE.

95.     The CITY OF COLLINSVILLE is located in Madison County, Illinois. In 2010, it was reported that the Madison County State's Attorney's Office took on $500,000.00 in an eight-year period as a result of asset forfeiture.

96.     The CITY OF COLLINSVILLE puts out a financial plan where the city projects revenue from state drug forfeiture revenue and from federal drug forfeiture revenue. Asset forfeiture is a large part of the CITY OF COLLINVSVILLE's budget.

97.     There have been other individuals that have been stopped by Defendant REICHERT who allege similar conduct on behalf of Defendant REICHERT.

98.     The CITY OF COLLINSVILLE and the Collinsville Police Department give Collinsville police officers awards for being productive, including making arrests that lead to asset forfeitures.

99.     The municipal policy-makers of the CITY OF COLLINSVILLE acted with

8

deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

100.    By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant CITY OF COLLINSVILLE,

b)    Award Plaintiffs compensatory damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Intentional Infliction of Emotional Distress)

101.    Plaintiffs reallege paragraphs 1 through 75 as if fully set forth herein.

102.    Defendant REICHERT's conduct was extreme and outrageous.

103.    Defendant REICHERT intended to cause Plaintiffs severe emotional distress, or knew that there was a high probability that their conduct would cause Plaintiffs severe emotional distress.

104.    Defendant REICHERT's conduct caused Plaintiffs severe emotional distress.

WHEREFORE, Plaintiffs asks that this Honorable Court:

a)    Enter judgment against Defendant REICHERT,

b)    Award compensatory damages,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law *Respondeat Superior* Claim)

105.    The acts of Defendant REICHERT described in the above state-law claim intentional infliction of emotional distress was willful and wanton, and committed in the scope of employment.

9

106.    Pursuant to *respondeat superior*, Defendant CITY OF COLLINSVILLE is liable for its agents' actions.

WHEREFORE, Plaintiffs demand judgment against Defendant CITY OF COLLINSVILLE, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

107.    The acts of Defendant REICHERT described in the above claims were willful and wanton, and committed in the scope of employment.

108.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF COLLINSVILLE is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF COLLINSVILLE to indemnify Defendant REICHERT for any judgment for compensatory damages in this case arising from their actions.


**Jury Trial Demanded**


Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*



Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
(312) 765-0100

10