UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| TERRANCE HUFF and <br> JON SEATON, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF COLLINSVILLE and <br> Collinsville Police Officer <br> MICHAEL REICHERT <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 12-596-MJR-PMF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### OBJECTIONS OF NON-PARTY BELLEVILLE NEWS-DEMOCRAT TO SUBPOENA SEEKING DISCLOSURE OF ANONYMOUS INTERNET COMMENTATOR AND MOTION TO QUASH AND FOR PROTECTIVE ORDER

Non-party movants Belleville News-Democrat ("News-Democrat"), Jay Tebbe and Jeffry Couch (collectively, "BND"), by and through their undersigned attorneys, pursuant to Rules 45(c)(2)(B) and 45(c)(3) of the Federal Rules of Civil Procedure object to and move to quash a Subpoena served upon Tebbe and Couch in their capacities as Publisher and Editor, respectively, of the News Democrat. BND further moves, pursuant to Rule 26(c)(1), for a protective order.

BND seeks this relief because anonymous speech over the Internet is protected under the First Amendment to the United States Constitution, and compelled disclosure of the identity of anonymous Internet speakers requires a significantly greater showing than that applicable to ordinary discovery. The Subpoena at issue seeks disclosure of the identity of an anonymous internet speaker, but Plaintiffs have not and cannot show any of the requisite elements for compelling such disclosure.

1836674.2

In support of this Motion, BND states:

1. The News-Democrat is a newspaper of general circulation in and around St. Clair County, Illinois, and operates an Internet site at www.bnd.com ("bnd.com").

2. Movants Tebbe and Couch are and at all relevant times have been employed as the Publisher and Editor, respectively, for the News-Democrat.

3. Among other things, bnd.com contains news articles and other content from the News-Democrat. As an added feature, the site permits interested members of the public to post commentary about those news articles. Persons posting commentary must register with the News-Democrat, but under the applicable Terms of Use are permitted to post such comments either with attribution or anonymously. By allowing persons to post commentary on an anonymous basis, persons can preserve their privacy, express themselves without fear of social or economic reprisal, and have their views accepted or rejected based solely on the merits of the message, without regard to their identity.

4. Specifically, bnd.com's Terms of Use and Privacy Policy provide in pertinent part:

> News-Democrat collects and stores personally identifiable information such as your name, address, and e-mail address. The information that we collect and store about you depends on the page you visit and the services in which you elect to participate. We use this information to operate our services, improve the quality of our services, offer you opportunities we think will interest you, and better tailor the advertising you see from us to suit you. This information is not shared with anyone outside of Belleville News-Democrat and News-Democrat except as provided for in this Privacy Policy or as explained at the time the information is collected.
>
> * * *
>
> We may also disclose personally identifiable information when deemed necessary or appropriate:

- to comply with a subpoena or other service of process, court order, or other legal proceeding, or if otherwise requested by a legitimate law enforcement body to cooperate in their investigations;

- to otherwise comply with applicable law;

- to prevent, investigate, or to take some other action against illegal activities, potential fraud, potential physical threats to any person, or as required by law;

- to comply with part of the sale or transfer of business assets, if we sell all or a part of our business;

- to protect the rights, property, or safety of bnd.com, its affiliates or others.

http://www.bnd.com/privacy_policy/

5. On or about Thursday, May 31, 2012, a Subpoena for Production of Documents was received by BND by e-mail.[1] A copy of that subpoena is attached hereto as Exhibit 1. The Subpoena requests that the BND produce documents, electronically stored information, or objects that pertain to:

> [t]he complete login information, including name, email address, identifying information etc., related to the BND account for "Crimefighter 66." Also include the IP address and list of post [sic] generated from "Crimefighter66" account from May 2, 2012, to present.

The subpoena purports to require BND to produce these materials. for inspection by June 7, 2012 at 1:00 pm.

6. Upon information and belief, Plaintiffs have requested this information regarding "Crimefighter 66" because he or she was one of numerous anonymous online commentators to a May 27, 2012 bnd.com news article captioned "Traffic stop makes YouTube, brings civil rights lawsuit against Collinsville, police officer." This article pertains to the factual circumstances of this case, namely the traffic stop of Terrance Huff and Jon Seaton by Collinsville, Illinois police

---

[1] While e-mail would not normally be considered proper service under Rule 45(b)(1), BND agreed to accept service in that manner, but did so without waiving the objections asserted herein.

officer Michael Reichert. A true and correct copy of this news article is attached hereto as Exhibit 2.

7. The article prompted numerous comments by persons including the person using the moniker, "Crimefighter66." Most were anonymous, but some may have used real names or identities. Plaintiff Huff (or someone using that name) also appears to have posted commentary on the site.

8. "Crimefighter66's" comments were posted throughout the morning of May 27, 2012.

9. The first comment at 7:53 AM states:

Your scary part is not scary at all, nor an abuse of power. We have ALOT of drugs come thru our part of Collinsville's interstates....just look at the history of arrests, before you make comments you can't back up. I'm SURE a broader firing is not coming.

10. At 7:58 AM, "Crimefighter 66" states:

As I told the other person who obviously has no clue as to how many arrests and convictions we have for drug smuggling on our part of Collinsville interstates. We every right to stick a man out there every once in awhile to help catch them....and history proves itself, they catch them! And I have kids and a grandson, while the drugs are usually just passing by, I wouldn't need to worry about my kids being offered those drugs, but someones kids do, so we just saved who knows how many lifes, in one stop where drugs are taken.

11. At 8:02 AM, "Crimefighter 66" states:

Huff should be sued, and/or charged for using the officer's name and the Collinsville Police Dept's name without permission on YouTube. That is not free speech!

12. At 8:11 AM, "Crimefighter 66" states:

And we also have A LOT more dope runners on the streets now days as well......and they age from 16 to 80....Coll PD and the ISP make good arrests all the time and take drugs, and in doing so they have the right to take the vehicle and property. Just look at the history of recent arrest and amounts of drugs, it speaks for itself! If I'm doing nothing wrong, and

4

have nothing to hide, why wouldn't I allow an officer to search my vehicle? Why? because every no they get, and end up searching......they find something, because people the use drugs, run drugs, or hang with drugies.......have a pea brain. They do not think clearly.......just recently, one hauling drugs and money, is speeding, does an illegal lane usage right in front of a cop and pulled over....that's not a very bright thing to do if your hauling drugs.

13. At 8:14 AM, "Crimefighter 66" states:

No, it's because it was reported to be removed from youtube for obvious creative reasons. It will be removed again, thanks for the tip......I don't think the owners of youtube want to be sued or charged either.

14. At 8:32 AM, "Crimefighter 66" states:

This has absolutely NOTHING to do with the currant article in question. Nor Officer in question. It's safe to drive thru Collinsville.......unless you are a druggie, a drug runner, or have something illegal to hide. Go find a good drama or romance book to read.

15. At 9:03 AM, "Crimefighter 66" states:

First of all, that is not Collinsville......it is E. St. Louis, which has no manpower....and every little bit of manpower they do have, they utilize in town trying to STOP the murders!! And yes, Collinsville and any other jurisdiction has every right to seize illegal money, vehicles and any other property involved in crimes involving drugs and other felonies.

16. At 9:05 AM, "Crimefighter 66" states:

You should see the Collinsville Chief's Education.....he's more than qualified! There is nothing wrong, that's why he doesn't see it.

17. At 9:10 AM, "Crimefighter 66" states:

Just because you as the driver do not see a REASON, the officer obviously does, if he would like to search your vehicle. And just like this case/article in question - Huff had a previous conviction for growing pot. That's a pretty good reason to want to ask to search your vehicle......and for about the 10th time now, I don't care that the conviction is 10 years old!

18. At 9:17 AM, "Crimefighter 66" states:

He pled GUILTY to it......YOU read the article!

19. At 9:25 AM, "Crimefighter 66" states:

Well my suggestion to you is, you better make sure your car is clean every time you get in it...........because if someone 'leaves something illegal' by accident and then you get in and drive, then get pulled over and caught.......guess what, you are in possession of said vehicle and going to jail......you can holler, that's not mine all you want......Officer will tell you, to tell it to the judge! You're under arrest.

20. At 9:25 AM, "Crimefighter 66" states:

I'm very very surprised he did not charge you with wreckless driving. That and DUI, under IL statute, you don't even have to be seen doing it, to be charged with it. And I agree with you, going over 100mph was stupid, and thank god you didn't kill yourself or someone else!

21. At 9:52 AM, "Crimefighter 66" states:

I'm not going to waste any more of my valuable coffee drinking time replying to some of the most stupid comments I've ever seen in my life! Bottom line is....come thru Collinsville with drugs in your car, chances are you will get caught. We have more than one canine officer.....in fact, there is always one on duty. Obey the law, be legal and you have nothing to worry about in Collinsville. On a side note: Happy Memorial Day To All Military, Even To Ones Who May Have Posted On This Article. Your Service And Sacrifice Is Highly Appreciated! RIP Dad - Your 2 purple hearts are sitting here right by your photo and other metals of honor, this morning.

22. Finally, at 9:57 AM, "Crimefighter 66" states:

You obviously do NOT read the paper much, or just pick and choose what you want to witch about. The chief has already positioned more officers in and around that are......weeks ago! And already, arrests have been made. Sheeeeeeeesh!!!!! Ok, I'm done!!!!

23. True and correct copies of the referenced comments are attached hereto as <u>Exhibit 3</u>.

24. In serving the Subpoena and in seeking information pertaining to the identity of "Crimefighter66," Plaintiffs do not describe or identify the purpose of the inquiry, the relevance of the information sought, the necessity for the sought-after disclosure, or why "Crimefighter 66" is any different than any of the other persons posting anonymous commentary on the site; nor do

6

Plaintiffs identify any reason why "Crimefighter66's" reasonable expectation of anonymity should be overcome.

25. Anonymous speech, like that involved in this case and contained on newspaper Internet sites, is a fundamental part of the free speech rights that form a founding principle of this country. Important policy justifications support protecting speakers who choose anonymity from compelled disclosure of their identity. Accordingly, the courts have ruled that anonymous speech and the identity of the speaker are constitutionally protected. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) ("an author's decision to remain anonymous ... is an aspect of the freedom of speech protected by the First Amendment.").

26. While the protection afforded anonymous speech is not absolute, a party seeking to unmask the identity of an anonymous speaker must satisfy more than just the ordinary discovery standard for disclosure in litigation.

27. The protection for anonymous speech applies to speech over the Internet. The courts have held that the First Amendment protects anonymous speech expressed over the Internet from compelled disclosure. *See, e.g., Sedersten v. Taylor*, 2009 WL 4802567 (W.D. Mo. 2009) (denying a motion to compel disclosure of an anonymous Internet poster); *Highfields Capital Management L.P. v. Doe*, 385 F. Supp. 2d 969, 976 (N.D. Cal. 2005) (quashing subpoena); *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1092-1093 (W.D. Wash. 2001) (quashing subpoena seeking identification of third parties posting anonymously on an Internet site); *Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) (allowing discovery after applying heightened standard); *ACLU v. Miller*, 977 F. Supp. 1228, 1232 (N.D. Ga. 1997) (holding unconstitutional a Georgia law that criminalized false identification online, reasoning that "because 'the identity of the speaker is no different from other components of [a]

7

document's contents that the author is free to include or exclude,' the statute . . . constitutes a presumptively invalid content-based restriction."); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005) (quashing subpoena seeking disclosure of anonymous Internet poster); *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756 (N.J. App. 2001) (quashing subpoena seeking identity of anonymous Internet poster). *See generally McIntyre v. Ohio Elections Comm'n*, 514 U.S. at 342 (First Amendment protects the identity of anonymous speakers); *Reno v. ACLU*, 521 U.S 844 (1997) (protections afforded anonymous speech and association extends to Internet speech).

28. "People who have committed no wrongdoing should be free to participate in online forums without fear that their identity will be exposed under the authority of [a] court." *Doe v. 2TheMart.com*, 140 F. Supp. 2d at 1092.

29. In order to preserve First Amendment rights in anonymous Internet speech, the courts have held that a person trying to unmask the identity of such a speaker must cross a "higher threshold" than that applicable to ordinary discovery. In such cases, the following safeguards and showings are required:

    (a)    First, the party seeking such information must show that:

        (i)    the information is sought in good faith;

        (ii)    the information sought relates to a *core* claim or defense;

        (iii)    the identity of the anonymous speaker is directly and materially relevant to that core claim or defense; and

        (iv)    information sufficient to establish or to disprove the core claim or defense is unavailable from any other source.

    (b)    Second, reasonable notice should be provided to the anonymous speaker so he or she can take appropriate action to protect his or her free speech rights.

*See Sedersten v. Taylor*, 2009 WL 4802567, *2 (W.D. Mo. 2009); *Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1095-97 (W.D. Wash. 2001).

30. Plaintiffs have not made the required showings to compel the disclosures sought in this case. For the most part, the anonymous comments are matters of personal opinion and criticism, and Plaintiffs have not shown that the commentator has specific relevant information that goes to the heart of this case and that is otherwise unavailable. Nothing in the posted comments evinces any awareness or personal knowledge of the specific events at issue or that the person has any specialized knowledge that would make his/her opinions relevant, competent, and admissible. At best, the discovery sought is a mere fishing expedition; at worst, it represents an attempt to stifle comments that reference this case.

31. Because the requisite showings and safeguards have not been satisfied, BND objects to producing the information sought in the subpoena and requests that the subpoena be quashed.

32. BND objects to providing the information and materials requested by the subpoena until such time as this matter is heard by the Court and pursuant to Fed.R.Civ.P. 45(c)(2)(B(ii) will not be providing the requested materials at the time directed by the Subpoena.

33. BND submits herewith and incorporates by reference a Memorandum in Support of this Motion, as if more fully set forth herein.

WHEREFORE, BND, Jay Tebbe, and Jeffry Couch move that this Court quash the Subpoena and enter a Protective Order that no further attempts at discovery be undertaken.

Respectfully submitted,

LEWIS, RICE & FINGERSH, L.C.

By: s/ Joseph E. Martineau
    Joseph E. Martineau
    Email: jmartineau@lewisrice.com
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: 314/444-7729
    Fax: 314/612-7729

*Attorney for the Belleville News-Democrat*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2012 a copy of the foregoing document was served via U.S. mail and email, upon:

Louis J. Meyer
MEYER & KISS, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
louismeyer@meyerkiss.com

Attorney for Plaintiffs

                                       s/ Joseph E. Martineau